# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| RICHARD HODGES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 04 C 3585 |
| KENNETH R. BRILEY, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below we grant the motion to dismiss.

## BACKGROUND

Plaintiff Richard Hodges ("Hodges") is currently an inmate at Stateville Correctional Center ("Stateville"). Hodges alleges that when he arrived at Stateville his bag of living supplies provided to him did not contain shower shoes. Hodges alleges that he was forced to take a shower without shower shoes. Hodges claims that he complained to his assigned counselor, Defendant Peggy Feldpouch ("Feldpouch") about his lack of shower shoes and she told him that he would have to

1

purchase the shower shoes himself. Hodges claims that when he finally attempted to purchase shower shoes from the commissary, the commissary refused to sell him the shoes and according to Hodges, Feldpouch told him that the refusal was due to his status as a newly arrived inmate and certain policies that limit purchases by newly arrived inmates.

Hodges alleges that as a result of his lack of shower shoes he has "sustained severe injuries to his feet" and was in need of a "doctor/foot specialist" to treat his injuries. (Compl. 7). Hodges filed a grievance in regards to the lack of shower shoes. Hodges alleges that he was eventually seen by a foot specialist on September 11, 2003, who according to Hodges, indicated that he had a bacterial infection on the soles of his feet and prescribed medication to treat the problem. Hodges alleges that even after being treated by the foot specialist, Hodges was not provided with shower shoes and was unable to purchase them. Hodges claims that on September 21, 2003, he filed an emergency grievance and he received a response indicating that the matter was not an emergency and should be resolved in the regular manner. Hodges has brought the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983").

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot

satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

The Eighth Amendment prohibits inhumane conditions in a prison, but it "does not mandate comfortable prisons. . . ." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). In order to show that a prison official has violated the Eighth Amendment a plaintiff must show that the alleged condition or inaction by the prison official is "objectively, sufficiently serious," meaning that the "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (quoting in part *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff must also show that the prison official had "a sufficiently culpable state of mind," which for "prison-conditions cases . . . is one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 834)(indicating that the United States Supreme Court has made it clear that "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but *only* [to] that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind.").(quoting *Hudson v. McMillian*, 503 U.S. 1, 19 (1992)).

4

A deliberate indifference to the "serious medical needs" of an inmate would violate the inmate's Eighth Amendment rights. *Id.* at 590. Deliberate indifference is determined by evaluating the subjective state of mind of the prison official and thus "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ."*Id.*(quoting in part *Farmer*, 511 U.S. at 834)(stating in addition that "[t]o raise an Eighth Amendment issue, '[t]he infliction [of punishment] must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable.'")(quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996)). A showing of "[m]ere negligence or even gross negligence does not constitute deliberate indifference." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)).

Defendants argue that a delay in the provision of shower shoes to Hodges and Hodges' usage of the prison showers without shower shoes does not allege a deprivation or conditions that would rise to the level of an Eighth Amendment violation. We agree. The temporary delay of the provision of shower shoes is not cruel and unusual punishment. *See Snipes*, 95 F.3d at 590(stating that the "primary concern of the drafters [of the Eighth Amendment's prohibition on 'cruel and unusual punishments'] was to proscribe 'torture[s] and other barbar[ous]' methods of

5

punishment.")(quoting *Estelle v. Gamble,* 429 U.S. 97, 102 (1976)). Neither can the lack of shower shoes be deemed deliberate indifference to Hodges' medical needs. *See Snipes,* 95 F.3d at 592(affirming the district court's ruling that "an inch or two of water in the [prison] shower, even where [the inmate] has a sore toe, is not 'an excessive risk to inmate health or safety'. . .nor the 'denial of the minimal civilized measure of life's necessities.'")(quoting in part *Farmer,* 511 U.S. at 834). The timeliness of the provision of shower shoes to Hodges involves issues of comfort level of his confinement rather than any serious risk to the health of Hodges or the necessities of life. *See Harris v. Fleming,* 839 F.2d 1232, 1235-36 (7$^h$ Cir. 1988)(stating that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel . . .[and that] the society they once abused is obliged to provide constitutionally adequate confinement."). Such a matter should properly be left to the discretion of the prison officials who must be allowed to control the administrative operations of the prison without constant needless judicial intervention such as the instant action. Hodges claims that the delay in his shower shoes caused an infection in his foot and he concedes that he was accordingly sent to a foot specialist by the prison and the specialist treated the minor problem. In his complaint Hodges has not alleged any facts that would indicate a denial of his constitutional rights either under the Eighth Amendment or under any other provision of the Constitution.

Hodges has not stated a claim of any constitutional deprivation, but even if he

had alleged a constitutional violation, we also note that Hodges has failed to allege sufficient personal involvement on the part of either Defendant Feldpouch or Defendant Kenneth R. Briley ("Briley"), the Warden at Stateville. The Seventh Circuit has made it clear that "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions. . . ." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, an individual cannot be held liable under Section 1983 in his individual capacity unless he "participated directly in the constitutional violation." *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003)(stating that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). For a supervisor to be held liable under Section 1983 for acting in his supervisory role, a plaintiff must show that the supervisor directed the constitutional deprivation or that it occurred with his "knowledge and consent." *Id.* (indicating that a plaintiff must show that the supervisor knew "about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye.").

In the instant action, Hodges alleges that he requested shower shoes, but that due to certain Illinois Department of Corrections policies he was delayed in obtaining shower shoes. Hodges alleges that he complained to his counselor Feldpouch about the shower shoes, but there is no indication that Feldpouch had any control over his ability to obtain shower shoes. In fact the complaint clearly

7

indicates that Feldpouch explained to Hodges that he could not get the shower shoes because of the prison policies which thus illustrates Feldpouch's inability to access shower shoes for Hodges. Defendant Briley is the Warden at Stateville. There are no allegations that he instituted the policies regarding the shower shoes or had any personal involvement with the shower shoes issue. Thus, dismissal would also be appropriate on the basis of Defendants' lack of personal involvement in the alleged deprivation.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss. We also grant Defendants' request that this dismissal be with prejudice, counting it as a strike pursuant to the Prisoner Litigation Reform Act codified at 42 U.S.C.§ 1997e(a).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 1, 2005